**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **L.A., D.A., and D.P.-1**

**No. 23-158** (Greenbrier County CC-13-2021-JA-73, CC-13-2021-JA-74, and CC-13-2021-JA-76)

**MEMORANDUM DECISION**

Petitioner Mother D.P.-2[1] appeals the Circuit Court of Greenbrier County's February 27, 2023, order terminating her parental rights to D.A. and D.P.-1, and her custodial rights to L.A.,[2] arguing that termination was improper because the circuit court should have allowed additional time for petitioner to correct the conditions of abuse and neglect. Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

In December 2021, the DHS filed a petition alleging that petitioner had substance abuse issues and exposed her children to domestic violence in the home, among other concerns. In January 2022, petitioner stipulated that her children were abused and neglected due to her failure to protect them from domestic violence in the home. The circuit court accepted her stipulation and adjudicated petitioner as an abusing parent. At the recommendation of the DHS and the guardian, the court granted petitioner a post-adjudicatory improvement period. The terms of petitioner's improvement period included that she participate in psychological and substance abuse evaluations

---

[1]Petitioner appears by counsel Carrie F. DeHaven. The West Virginia Department of Human Services appears by counsel Attorney General Patrick Morrisey and Assistant Attorney General Andrew Waight. Counsel Michael R. Whitt appears as the children's guardian ad litem ("guardian").

Additionally, pursuant to West Virginia Code § 5F-2-1a, the agency formerly known as the West Virginia Department of Health and Human Resources was terminated. It is now three separate agencies—the Department of Health Facilities, the Department of Health, and the Department of Human Services. *See* W. Va. Code § 5F-1-2. For purposes of abuse and neglect appeals, the agency is now the Department of Human Services ("DHS").

[2]We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e). Additionally, because one child and petitioner share the same initials, we refer to them as D.P.-1 and D.P.-2, respectively. After the dispositional order was entered, L.A. reached the age of majority.

1

and follow all recommendations of said evaluations; participate in drug testing and remain drug and alcohol free; and participate in parenting and adult life skills training, among other requirements.

In March 2022, petitioner began testing positive for methamphetamines. At a multidisciplinary team ("MDT") meeting, petitioner denied using methamphetamines, stating instead that she believed the drugs were put in her system by someone else. Further, service providers reported difficulty communicating with petitioner. On April 8, 2022, petitioner was arrested for trespassing, violation of a domestic violence protective order, and possession with intent to deliver methamphetamines. Following her arrest, petitioner entered inpatient substance abuse treatment at Recovery Point. In May 2022, the circuit court granted an extension of her improvement period to allow petitioner to complete treatment. However, shortly after entering Recovery Point, petitioner transferred to a second rehabilitation program, Life House. Less than two weeks later, petitioner was released from Life House after missing curfew on two different occasions. Petitioner then entered a third rehabilitation program at Anchor Project.

In July 2022, the circuit court held a dispositional hearing, where the court learned petitioner was still participating in treatment at Anchor Project. Based on the MDT's recommendation, the court granted petitioner a post-dispositional improvement period with the expectation that petitioner would complete her inpatient rehabilitation program shortly and then receive services upon discharge. Petitioner completed the rehabilitation program at Anchor Project and began participating in services and drug testing. However, in November 2022, petitioner began testing positive for methamphetamines. At an MDT meeting, petitioner again denied using methamphetamines and claimed someone else must have "poisoned" her. The court scheduled a dispositional hearing for January 12, 2023. At the hearing, petitioner's counsel notified the court that petitioner had entered another rehabilitative program at Veltex and requested a continuance. With no objections, the court granted a continuance.

The circuit court held a dispositional hearing in February 2023 and learned that petitioner was discharged from the Veltex program after less than a week for noncompliance. A service provider testified that visits and communications with petitioner were generally good in the months following petitioner's completion of the Anchor Project program, but that petitioner began cancelling visits and became argumentative with staff towards the end of 2022, following petitioner's positive drug screens. Another service provider gave similar testimony, explaining that after the positive drug screens, petitioner became argumentative in sessions, blaming case workers for splitting up the family and taking no responsibility herself.

Petitioner testified that she planned to enter long-term rehabilitative treatment and needed additional time to address her substance abuse issues. Petitioner admitted to lying to the MDT about someone else poisoning her to cause positive drug screens, to asking one of her children for her urine sample to pass a drug screen, and to telling a service provider in December 2022 that she did not need rehabilitation. At the conclusion of the testimony, the circuit court found that petitioner failed to follow through with a reasonable case plan and other rehabilitative services, that there was no reasonable likelihood the conditions of abuse and neglect could be substantially corrected in the near future, and that termination was in the best interests of the children.

Accordingly, the court terminated petitioner's parental rights to D.A. and D.P.-1 and terminated petitioner's custodial rights to L.A.[3] It is from this order that petitioner appeals.

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Before this Court, petitioner argues that termination of her rights was improper because she had a bed at an inpatient treatment facility and should have been given additional time to complete the program.[4] Upon our review, we disagree. We have previously held that "courts are not required to exhaust every speculative possibility of parental improvement . . . where it appears that the welfare of the child will be seriously threatened." *Id.* at 91, 228 W. Va. at 875, Syl. Pt. 4, in part (quoting Syl. Pt. 1, in part, *In re R.J.M.*, 164 W. Va. 496, 266 S.E.2d 114 (1980)). Petitioner was given two separate improvement periods lasting over a year, during which she withdrew from or was asked to leave three separate rehabilitation programs, the most recent being just weeks before disposition. Termination of petitioner's parental rights to D.A. and D.P.-1 and custodial rights to L.A. is well-supported by the record, and we find no error. *See* W. Va. Code § 49-4-604(c)(6) (permitting circuit court to terminate parental rights upon finding no reasonable likelihood conditions of abuse and neglect can be substantially corrected in the near future and when necessary for child's welfare); *see also* W. Va. Code § 49-4-604(d)(3) ("No reasonable likelihood that conditions of neglect or abuse can be substantially corrected" means that the abusing parent has "not responded to or followed through with a reasonable family case plan or other rehabilitative efforts.").

For the foregoing reasons, we find no error in the decision of the circuit court, and its February 27, 2023, order is hereby affirmed.

Affirmed.

**ISSUED**: April 15, 2024

---

[3]The permanency plan for D.A. is adoption in the current placement. After his father successfully completed an improvement period, D.P.-1 was returned to his father's custody. L.A. is no longer a minor.

[4]In her brief, petitioner alleges three other assignments of error: "no deference was given to the wishes of the thirteen-year-old son," "petitioner [was] prejudiced by prison clothes," and "petitioner [was] harmed by evidence not introduced and comment of counsel." However, petitioner does not cite any law to support these assignments of error, as required by Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure. Accordingly, we decline to address these arguments on appeal.

**CONCURRED IN BY**:

Chief Justice Tim Armstead
Justice Elizabeth D. Walker
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn